IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TORRENCE LEE ALFORD,            )
                                )
            Petitioner,          )
                                )
        v.                       )    1:05CV279
                                )    1:04CR11-1
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner Torrence Lee Alford, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Docket nos. 1, 9 (criminal case)) The court sentenced him to eight years in prison. (Id. docket no. 16) Petitioner did not appeal.

He then filed this section 2255 motion. (Docket no. 1)[1] Petitioner raises four grounds for relief. (Id. at 5-6) Respondent has responded to the motion. (Docket no. 5) The court advised petitioner of his right to file a reply brief, but he has not done so and the time for filing has now expired. (Docket no. 6) The matter is now ready for ruling.

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

**DISCUSSION**

Petitioner's first three grounds for relief may be addressed together. He claims in ground one that his sentence was improperly enhanced under the recent Supreme Court cases addressing the federal sentencing guidelines. (Docket no. 1 at 5) His second ground for relief is that his fifth and sixth amendment rights were violated by his guidelines sentence. (Id.) His third claim is that his sentence is unconstitutional because of the enhancements. (Id.) Accordingly, all of these claims depend upon the applicability to his case of United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

Respondent responds to this claim by arguing that the court did not sentence petitioner under the sentencing guidelines. (Docket no. 5 at 4) It points to petitioner's judgment and commitment as evidence of this, but the court cannot find any notation in that document stating that the sentence is not imposed under the guidelines. The sentence is expressed in terms of years rather than months, which suggests that it is not a guidelines sentence, however. In addition, counsel has submitted an affidavit in which he states that at sentencing the court "took the position that the Blakely case rendered the sentencing guidelines unconstitutional, and stated that he felt free to sentence below the sentencing guideline range of 100-125 months." (Id., attachment 1 at 4-5) Petitioner has not challenged this statement. Therefore, the court finds that petitioner was not sentenced under

the sentencing guidelines. His claims that his sentence is erroneous based on <u>Blakely</u> and <u>Booker</u>, and that his rights were violated as a result of his sentence, have no merit because these cases apply to guideline sentencing.

Even if petitioner had been sentenced under the guidelines, these claims would not merit relief. Petitioner's judgment was entered on August 27, 2004. (Docket no. 16 (criminal case)) Because he did not appeal, his conviction became final in September 2004. <u>Booker</u>, the decision which extended the reasoning of <u>Blakely</u> to the federal sentencing guidelines, did not issue until 2005. It would therefore have to be applied retroactively to benefit petitioner, and this cannot be done. <u>See</u> <u>Booker</u>, 125 S.Ct. 738 (decision to be applied only to cases not yet final when decision issued); <u>see</u> <u>also</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (<u>Ring</u> and <u>a</u> <u>fortiori</u> <u>Apprendi</u> does not apply retroactively on habeas review). Accordingly, no relief could be given under either <u>Booker</u> or <u>Blakely</u>. For both of these reasons, petitioner's first three grounds for relief should be dismissed.

Petitioner's fourth and final ground for relief is ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon

-3-

unsupported, conclusory allegations. See <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), <u>cert. denied</u>, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), <u>abrog'n on other grounds recog'd</u>, <u>Yeatts v. Angelone</u>, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. See <u>Spencer v. Murray</u>, 18 F.3d 229, 233 (4th Cir. 1994).

Petitioner claims that counsel, Assistant Federal Public Defender Ingram, rendered ineffective assistance "at critical stage of his plea" by failing "to subject prosecution's case to meaningful adversarial testing" and failed "to advise defendant of rights concerning appeal of sentence." (Docket no. 1 at 6) Petitioner fails to give any supporting facts for any of these claims. His claims that he received ineffective assistance of counsel at a critical stage and that counsel failed to test the prosecution's case should be dismissed as unsupported and conclusory. See <u>Nickerson</u>, 971 F.2d at 1136.

The claim that counsel failed to advise him of his rights concerning appeal is belied by the record. Counsel sets out in detail in his affidavit his interactions with petitioner during this case. Counsel states that he discussed petitioner's right to appeal with him on May 7, 2004, as they reviewed the presentence report. (Docket no. 5, attachment 1 at 3) Counsel advised petitioner that the decision whether to appeal was petitioner's to

-4-

make, but that counsel would advise him in making that decision. (Id.)  Counsel told petitioner on July 23, 2004, that he could appeal if the judge disagreed with their position on one issue which was based on Blakely.  Otherwise, counsel explained that there were no issues for appeal.  (Id. at 4)

Counsel goes on to state that at sentencing the court did not feel constrained by the sentencing guidelines, and sentenced petitioner to 96 months in prison which was within the range that counsel had requested based on the Blakely issue.  (Id. at 5)  At the end of the sentencing hearing, counsel explained that because the judge had sentenced him within the range they had advocated, there was no issue for appeal.  (Id.)  Petitioner said he understood and agreed.  (Id.)  Petitioner also signed a written form in which he acknowledged that he had been advised of his right to appeal and had fully discussed with counsel the possible issues for appeal and the likely results.  (Id. ex. A)  In that form, petitioner states that he directed counsel not to file a notice of appeal.  (Id.)  Petitioner has not disputed any of these statements.

Counsel also shows that petitioner wrote him a letter dated October 11, 2004, in which petitioner states that he needs an appeal.  (Id. ex. B)  Counsel wrote petitioner back and told him that it was too late to file a notice of appeal.  (Id. ex. C)  Petitioner does not make any claim regarding this request.

The record therefore shows that counsel fully advised petitioner of his right to appeal.  Counsel also made the effort to

-5-

determine what petitioner's wishes were with regard to an appeal. Counsel therefore provided effective assistance in advising petitioner of his rights regarding an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Petitioner also has not shown that he timely requested an appeal. This ground for relief should be dismissed.

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

_____
**United States Magistrate Judge**

October 20, 2005